```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DAVID POSCHMANN,

    Plaintiff,

v.                            Case No:  2:19-cv-359-FtM-99NPM

FOUNTAIN TN, LLC,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for More Definite Statement (Doc. #17) and Notice of Supplemental Authority (Doc. #20). Plaintiff filed a Response in Opposition (Doc. #18) on August 14, 2019. For the reasons set forth below, the Motion is denied.

**I.**

This is an action for injunctive relief under Title III of the Americans With Disabilities Act (ADA). As alleged in the Complaint (Doc. #1), plaintiff David Poschmann is disabled as defined by the ADA due to the amputation of his right leg and is a "tester" for the purpose of determining whether places of public accommodation are in compliance with the ADA. Plaintiff uses a wheelchair to ambulate and drives his own specially equipped vehicle. Because he suffers from a mobility disability and is

dependent upon mobility devices and aids, plaintiff requires an accessible hotel and hotel room. To that end, in May 2019 plaintiff visited the website of Fountain Cottages Inn, which is located in Fort Myers, Florida, and owned and operated by defendant, Fountain TN, LLC. The website, however, failed to provide information about the accessible features of the hotel and its rooms for persons with disabilities as required by the ADA.

Plaintiff alleges defendant engaged in illegal disability discrimination in violation of the ADA and requests a permanent injunction directing defendant to take all steps necessary to bring its reservations services into full compliance with the ADA and payment of costs and reasonable attorney's fees. Defendant moves to dismiss, arguing that plaintiff lacks standing to bring a claim and fails to state a claim.

## II. Legal Background

Title III of the ADA provides the following general rule:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). An "inn, hotel, motel, or other place of lodging" is considered a place of public accommodation. 42 U.S.C. § 12181(7)(A).

To carry out the provisions of the ADA prohibiting discrimination in public accommodations, the Department of Justice promulgated 28 C.F.R. § 36.302(e). Poschmann v. Coral Reef of Key Biscayne Developers, Inc., 2018 WL 3387679, *3 (S.D. Fla. May 23, 2018). Section 36.302(e) provides that "[a] public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means":

> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs[.]

28 C.F.R. § 36.302(e)(1)(ii).

A plaintiff alleging Title III ADA discrimination "must initially prove that (1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA." Norkunas v. Seahorse NB, LLC, 444 F. App'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C. § 12182(a)).

### III. Plaintiff's Standing

Motions to dismiss based on lack of standing "attack the court's subject matter jurisdiction, and are therefore considered pursuant to Rule 12(b)(1)." Finstad v. Fla., Dep't of Bus. & Prof'l Regulation, 2007 WL 3451000, *1 (M.D. Fla. Nov. 14, 2007) (citing Doe v. Pryor, 344 F.3d 1282, 1284 (11th Cir. 2003)). Rule

12(b)(1) motions challenging subject matter jurisdiction come in two forms: a "facial" attack motion and a "factual" attack motion. Id. (citing Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003)). The facial attack in this case challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion. Id. (citing Morrison, 323 F.3d at 924 n.5).

In order to establish standing, a plaintiff must adequately allege and ultimately prove three elements: (1) that he or she has suffered an "injury-in-fact"; (2) a causal connection between the asserted injury-in-fact and the challenged conduct of the defendant; and (3) that the injury likely will be redressed by a favorable decision. Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). The "injury-in-fact" requires an additional showing when injunctive relief is sought. In addition to past injury, a plaintiff seeking injunctive relief "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328-29 (11th Cir. 2013) (quoting Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1284 (11th Cir. 2001)). Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows "a real and immediate — as opposed to a merely conjectural or

hypothetical — threat of future injury." Id. at 1329 (quoting Shotz, 256 F.3d at 1081).

Defendant argues plaintiff has not sufficiently alleged he will be harmed in the future by the hotel's failure to maintain an ADA compliant website, and that an intent to revisit the website, alone, does not confer standing. Instead, defendant asserts that plaintiff simply alleges that he intends to visit the online reservation system (not the facility itself) in the near future and/or to test the online reservation system for compliance with the ADA, and this is merely a conjectural or hypothetical threat of injury. Defendant sets forth a list of 10 areas in which plaintiff's allegations fail (Doc. #14, pp. 1-2), but they mainly focus on the fact that plaintiff does not allege a legitimate intent to visit and/or patronize the hotel in the future, only an intent to use the hotel's online reservation system in the future.

Plaintiff's ADA claim is based upon the Fountain Cottages Inn's *website* failing to identify the accessible features of the motel and its rooms, in violation of 28 C.F.R. § 36.302(e)(1)(ii). Therefore, the relevant "future injury" inquiry relates to the motel's website and reservation system, rather than the motel's physical property. See Poschmann, 2018 WL 3387679, *3 (finding undisputed fact that plaintiff intended to return to hotel website within thirty days to determine whether hotel was accessible to him, and, if so, to reserve a room or to test the website's

reservation system for ADA compliance was sufficient to allege an injury-in-fact redressable by injunctive relief). Here, plaintiff states he "intends to visit the online reservation system for Defendant's hotel in the near future to book a hotel room and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test[1] the online reservation system for compliance with 28 C.F.R. § 36.302(3)." (Doc. #1, ¶ 3.) The Court finds these allegations are sufficient to create an inference plaintiff will suffer injury in the future. See Kennedy v. Gold Sun Hospitality, LLC, Case No. 8:18-cv-842-VMC-CPT (Doc. #23)(M.D. Fla. July 23, 2018) ("Regarding the threat of future injury, Kennedy's allegations that she intends to revisit the website in the near future to test its compliance is sufficient to establish standing at this juncture."); Shotz, 256 F.3d at 1081 ("In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant."). Therefore, defendant's motion to dismiss for lack of standing is denied.

**IV. Failure to State a Claim**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint

---

[1] Plaintiff's status as a tester does not deprive him of standing to maintain a civil action for injunctive relief under the ADA's Title III. Marod Supermarkets, Inc., 733 F.3d at 1332.

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the

Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Defendant argues that plaintiff fails to allege a specific date and time when he tried to reserve the room and only states an undisclosed date in May 2019. Defendant also argues that plaintiff fails to state how or why he was unable to book a room and what specific limitations on the website preclude him from reserving the room. Moreover, plaintiff failed to state the period of time he allegedly sought reservations and it is unclear whether the ADA accessible rooms were already reserved during the date that plaintiff sought to reserve a room.

Here, plaintiff alleges that he attempted to make a reservation for an accessible room at the hotel through the online reservation system but was unable to do so due to defendant's failure to comply with the ADA's requirements for online reservation systems. (Doc. #1, ¶ 9.) Plaintiff also alleges that the online reservation system failed to identify and describe the hotel's accessible features and guest rooms in enough detail to permit individuals with disabilities to assess whether the hotel or rooms met his accessibility needs. (Id. at ¶ 12(b).) The Court finds these allegations sufficient to state a plausible claim for violations of the provisions of the ADA prohibiting

discrimination in public accommodations being offered through an online reservation system as promulgated in 28 C.F.R. § 36.302(e). Because the Court finds the allegations sufficient, the Court will deny the request for a more definite statement.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for More Definite Statement (Doc. #17) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __19th__ day of September, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record